IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-278-SLR |
| ) | |
| DUPONT DOW ELASTOMERS L.L.C., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

### ANSWER TO COMPLAINT UNDER
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Admitted that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 and that this Court has jurisdiction over Plaintiff's claims. It is denied that Defendant committed any wrongful acts and that any equitable or other relief is due Plaintiff.

2. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of this allegation.

3. Admitted that Defendant's headquarters is located at the address set forth in this paragraph of the Complaint.

4. Denied that Plaintiff was the victim of any discriminatory conduct at any time during her employment with Defendant. As set forth in paragraph 3, Defendant's headquarters is located at 300 Bellevue Parkway, Suite 300, Wilmington, Delaware. It is also admitted that Plaintiff was employed at Defendant's business location at 1 Innovation Way, Suite 400, Delaware Technology Park, Newark, Delaware 19711.

5. Denied that any discriminatory conduct occurred at any time during Plaintiff's employment with Defendant, including without limitation the alleged "incidents" described in the EEOC documents attached to the Complaint.

6. Admitted that the alleged discriminatory conduct is not continuing. By way of further answer, it is denied that any discriminatory or harassing conduct occurred at any time during Plaintiff's employment with Defendant.

7. Admitted that Plaintiff filed charges of discrimination with the Delaware Department of Labor. By way of further answer, it is denied that any discriminatory or harassing conduct occurred at any time during Plaintiff's employment with Defendant.

8. Admitted that Plaintiff filed charges of discrimination with the Equal Opportunity Commission. Defendant is without knowledge sufficient to form a belief as to the date Plaintiff filed such charges. By way of further answer, it is denied that any discriminatory or harassing conduct occurred at any time during Plaintiff's employment with Defendant.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Denied.

11. Admitted that Plaintiff claims that Defendant engaged in conduct that was discriminatory based on her sex. By way of further answer, it is denied that any discriminatory or harassing conduct occurred at any time during Plaintiff's employment with Defendant.

12. Admitted that Plaintiff attached to her Complaint some of the documents she submitted to the EEOC in connection with her charge of discrimination. By way of further answer, it is denied that any discriminatory or harassing conduct occurred at any time during Plaintiff's employment with Defendant.

13. Denied.

14. Denied.

## FIRST AFFIRMATIVE DEFENSE

15. Plaintiff's claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## THIRD AFFIRMATIVE DEFENSE

17. Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff has waived or is estopped from asserting her claims.

## SIXTH AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred in whole or in part by her voluntary leave and/or refusal to return to employment.

## EIGHTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred in whole or in part because Defendant had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

### NINTH AFFIRMATIVE DEFENSE

23. Plaintiff was employed by DuPont Dow Elastomers, LLC, a joint venture of E.I. duPont de Nemours Company ("DuPont") and The Dow Chemical Company ("Dow"). Plaintiff was not employed at any time by Dupont High Performance Elastomers, LLC.

### TENTH AFFIRMATIVE DEFENSE

24. Defendant would have made the same decisions and taken the same actions toward Plaintiff absent any alleged consideration of any impermissible motivating factor.

### ELEVENTH AFFIRMATIVE DEFENSE

25. Any damages sustained by Plaintiff were caused or contributed to by Plaintiff's own actions or the actions of others over whom Defendant had no control.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby (I.D. No. 1016)
Teresa A. Cheek (I.D. No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Attorneys for Defendant

Date: May 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2005, I electronically filed a true and correct copy of the foregoing Answer to Complaint Under Title VII of the Civil Rights Act of 1964 with the Clerk of the Court using CM/ECF. A copy of such Answer to Complaint Under Title VII of the Civil Rights Act of 1964 was mailed, First Class Mail, postage prepaid to the following person:

       Debra-Ann Wellman
       P.O. Box 4395
       Greenville, DE 19807

       YOUNG CONAWAY STARGATT & TAYLOR, LLP

       _____
       Barry M. Willoughby (ID 1016)
       Teresa A. Cheek, Esquire (ID 2657)
       The Brandywine Building
       1000 West Street, 17th Floor
       P.O. Box 391
       Wilmington, DE 19899-0391
       Telephone: (302) 571-6676
       Facsimile: (302) 576-3345
       Email: tcheek@ycst.com
       Attorneys for Defendant

Dated: May 25, 2005