# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-278-SLR ) |
| DuPONT DOW ELASTOMERS, LLC t/a DUPONT HIGH PERFORMANCE ELASTOMERS, LLC | ) ) ) ) |
| Defendant. | ) |

## NOTICE OF SERVICE

I, Barry M. Willoughby, hereby certify that on February 22, 2006, two copies of the Defendant's First Request for Production of Documents Directed to Plaintiff were hand delivered to the following person of record:

> John M. Stull, Esquire
> 1300 North Market Street, Suite 700
> P.O. Box 1947
> Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated: February 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006, I electronically filed a true and correct copy of the foregoing Notice of Service of Defendant's First Request for Production of Documents Directed to Plaintiff with the Clerk of the Court using CM/ECF. A copy of such document was hand delivered to:

>John M. Stull, Esquire
>1300 North Market Street, Suite 700
>P.O. Box 1947
>Wilmington, DE 19899

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/
>_____
>Barry M. Willoughby, Esquire (No. 1016)
>Teresa A. Cheek, Esquire (No. 2657)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899-0391
>Telephone: (302) 571-6666; (302) 571-6676
>Facsimile: (302) 571-3345; (302) 576-3286
>Email: bwilloughby@ycst.com; tchee@ycst.com
>Attorneys for Defendant

Dated: February 22, 2006

**Notices**
1:05-cv-00278-SLR Wellman v. DuPont Dow Elastomers L.L.C.

## U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Willoughby, Barry entered on 2/22/2006 at 3:52 PM EST and filed on 2/22/2006

**Case Name:** Wellman v. DuPont Dow Elastomers L.L.C.
**Case Number:** 1:05-cv-278
**Filer:** DuPont Dow Elastomers L.L.C.
**Document Number:** 15

**Docket Text:**
NOTICE of Service of Defendant's First Request for Production of Documents Directed to Plaintiff by DuPont Dow Elastomers L.L.C. (Willoughby, Barry)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/22/2006] [FileNumber=173156-0]
[a51a41747c934d435dbf91510db2c60e9a3897dc98ed319407e9bd4ceb11a9703e48
b7bbde645928a442592f8b50a8641aaf73ed46b0218dcdb2e7530ec541e3]]

**1:05-cv-278 Notice will be electronically mailed to:**

Teresa A. Cheek    tcheek@ycst.com, mmcmi@ycst.com; rrugg@ycst.com; dcole@ycst.com

John M. Stull    jstullesq@aol.com

Barry M. Willoughby    bwilloughby@ycst.com, mmcmillan@ycst.com; dcoles@ycst.com; mstafford@ycst.com; bagostini@ycst.com; rruggieri@ycst.com; employmentcmecf@ycst.com

**1:05-cv-278 Notice will be delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-278-SLR |
| | ) |
| DuPONT DOW ELASTOMERS, LLC | ) |
| t/a DUPONT HIGH PERFORMANCE | ) |
| ELASTOMERS, LLC | ) |
| Defendant. | ) |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

### DEFINITIONS AND INSTRUCTIONS

A.  The word "document" or "documents" as used herein is employed in the broadest possible sense and shall include without limitation the original and any non-identical copy of any written, printed, typed, photographic, recorded or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes, logs, telegrams, videotapes, audiotapes, tape recording, reports, diaries, transcripts of telephone or other conversations or any other writings of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody or control of the above-named Plaintiff and/or her attorneys.

B.  "Person" refers to the plural as well as the singular of any natural person, firm, corporation, association, group, partnership or organization, unless specifically stated otherwise.

DB01:1998245.1

051952.1010

C.  "You" and "your," as used in this Request, shall mean the Plaintiff, her agents, and all other persons acting on her behalf, including her attorneys.

D.  Defendant means above named Defendant, (Dupont Dow Elastomers, LLC) ("DDE"), and does not include, E.I. DuPont de Nemours & Co., Inc. ("DuPont") or the Dow Chemical Company ("Dow").

E.  If you claim that the attorney-client, attorney work product, or any other privilege applies to any document which is sought by this Request, then with respect to that document:

(1)  State the date of the document;

(2)  Identify the author(s) of the document;

(3)  Identify each and every person who prepared or participated in the preparation of the document;

(4)  Identify each and every person for whom the document was intended as either an addressee or the recipient of a copy;

(5)  Identify each and every person who has ever had possession of the document if other than the person identified in (4); and

(6)  State the factual and legal basis for the claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

E.  This Request shall be deemed continuing so as to require further supplemental production in the event Plaintiff, or any attorney, agent, representative or professional employed by Plaintiff in connection with this litigation obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

## REQUESTS

1.      All audio or videotapes, tape recordings, notes, diaries, logs, calendars, chronologies, reports of investigation, and other documents taken, made, or prepared by you or on your behalf concerning any fact in issue in this case including without limitation summaries, statements, or recorded interviews of any person concerning any matter in issue in the pleadings.

2.      All correspondence between Plaintiff and Defendant referring or relating to any of Plaintiff's claims against Defendant.

3.      All correspondence between Plaintiff and any other person or entity (other than privileged documents) referring or relating to any of Plaintiff's claims against Defendant.

4.      All documents which you contend form the factual basis for or support your contention that Defendant committed any wrongful act, unlawful discrimination, and/or unlawful retaliation including without limitation the allegations made in the Charge of Discrimination dated December 1, 2002 you filed with the Equal Employment Opportunity Commission ("EEOC").

5.      All documents (including those that support any claim for punitive or compensatory damages) establishing, supporting, evidencing, referring or relating to any relief Plaintiff seeks in her Complaint, including but not limited to, all pecuniary or financial losses such as lost income, salary, bonus or other compensation, benefits, damages for personal or bodily injury or for emotional distress, and/or any injunctive or other non-pecuniary relief Plaintiff requests.

6. All documents which you filed with, or which were sent to you by, the Equal Employment Opportunity Commission ("EEOC"), U.S. Department of Labor, Delaware Department of Labor ("DDOL"), and/or any other state, local or federal agency in connection with your claims against Defendant.

7. All documents which relate or refer to your employment with Defendant, your prior employer, E. I. DuPont de Nemours & Co., Inc. ("DuPont") including, but not limited to, all documents you signed or were given at your hiring by or employment with Defendant or when you left employment with DuPont, together with any document referring to any alleged changes in your working conditions, assignments, changes in your rate of pay, and evaluations or other documents concerning your performance during your employment with Defendant.

8. All medical records of each physician, psychologist, psychiatrist, or other health care provider for treatment or consultations with Plaintiff for physical or emotional injuries allegedly sustained as a result of the facts alleged in the Complaint, and for your charge of discrimination with the EEOC, including any treatment records from any Employee Assistance Program ("EAP"). (If such records are not in your possession, please sign and return the attached medical authorization.)

9. All records of each physician, psychologist, psychiatrist, or health care provider who treated you during the last ten years. (If such records are not in your possession, please sign and return the attached medical authorization.)

10. All income records for the past ten years, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules.

11. All documents concerning your efforts to secure employment in any job or position made any time during or after your employment with Defendant, including without limitation correspondence, employment applications, resumes, curriculum vitae ("CV"), or biographical sketches sent to any prospective employer, employment agency, employment search firm, recruiter, temporary staffing firm, or vocational counselor and/or all documents you received from any prospective employer or employment agency.

12. All reports, correspondence, letters or any other documents you have sent to or received from any person you have identified as an expert in connection with the facts in issue in the pleadings, including without limitation any such documents that you contend support any allegation you make against Defendant.

13. Any reports or other documents supplied to you by any person employed by you as an expert witness in this case including any documents containing opinions and/or facts on which opinions are based concerning any aspect of the matter in litigation.

14. Copies of any report or other documents by any person you contend is an expert containing opinions and/or facts on which these opinions are based concerning any matter in issue in this case.

15. All documents identified or referred to, in your answers to Defendant's First Set of Interrogatories Directed to Plaintiff.

16. Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this request for production

which is relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated: February 22, 2006

TO:            PHYSICIAN FOR DEBRA-ANN WELLMAN

FROM:      YOUNG CONAWAY STARGATT & TAYLOR, LLP

RE:            Medical Information and Records

By this release, signed by your patient Debra-Ann Wellman ("Patient"), you are authorized and directed to discuss medical information with or to otherwise permit the examination and copying or reproduction of the documents listed below in any manner requested or authorized by Young Conaway Stargatt & Taylor, LLP, specifically, Barry M. Willoughby, Esquire.

   a.   Other medical records of Patient, including patient record cards, chart notes, x-ray readings and reports, laboratory records and reports, all tests of any type or character and reports thereof, statement of charges, and any and all records pertaining to medical care, history, condition, treatment, diagnosis, prognosis, etiology through the present;

   b.   Hospital records of Patient, including x-ray readings and reports, laboratory records and reports, all tests of any type or character and reports thereof, chart notes, statements of charges, and any and all records pertaining to hospitalization, history, condition, treatment, diagnosis, prognosis, etiology or expense through the present; and

   c.   Other records relating to medical treatment or examination of Patient, including records pertaining to insurance benefits or third-party payor benefits through the present.

   Patient makes this consent upon the premise that all disclosures of alcohol and drug abuse records, if any, made pursuant to this authorization shall be accompanied by the following notice:

> NOTE: This information has been disclosed to you from records whose confidentiality is protected by Federal Law. Federal Regulation (42 CFR Part 2) prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for release of the information is NOT sufficient for this purpose.
>
> THIS CONSENT DOES NOT INCLUDE DISCLOSURE OF INFORMATION ABOUT PATIENT'S STATUS AS HIV NEGATIVE OR POSITIVE.

Patient understands that this consent is subject to revocation at any time, upon written notification by Patient to your treating facility, except to the extent that action has been taken in reliance thereon.

Patient hereby acknowledges that **she** has read, is familiar with, and fully understands the terms and conditions of this consent. Photocopies of this signed release shall be treated as executed originals.

_____    _____
Signature of Patient                Date

DOB:
SSN:


_____
Signature of Witness