# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-278-SLR |
| ) | |
| DuPONT DOW ELASTOMERS, LLC ) | |
| t/a DUPONT HIGH PERFORMANCE ) | |
| ELASTOMERS, LLC ) | |
| Defendant. ) | |

## NOTICE OF SERVICE

I, Teresa A. Cheek, hereby certify that on March 27, 2006, two copies of the Defendant's Second Set of Interrogatories Directed to Wellman were hand delivered to the following attorney of record for Plaintiff:

John M. Stull, Esquire
1300 North Market Street, Suite 700
P.O. Box 1947
Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/ Teresa A. Cheek_____
Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tcheek@ycst.com
Attorneys for Defendant

Dated: March 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2006, I electronically filed a true and correct copy of the foregoing Notice of Service for Defendant's Second Set of Interrogatories Directed to Wellman with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record. Courtesy copies of such Notice of Service and Defendant's Second Set of Interrogatories Directed to Wellman was also hand delivered to the following counsel of record on this date.

John M. Stull, Esquire
1300 North Market Street, Suite 700
P.O. Box 1947
Wilmington, DE 19899


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Teresa A. Cheek*
_____
Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated: March 27, 2006

## Discovery Documents
1:05-cv-00278-SLR Wellman v. DuPont Dow Elastomers L.L.C.

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Cheek, Teresa entered on 3/27/2006 at 3:22 PM EST and filed on 3/27/2006

**Case Name:** Wellman v. DuPont Dow Elastomers L.L.C.
**Case Number:** 1:05-cv-278
**Filer:** DuPont Dow Elastomers L.L.C.
**Document Number:** 18

**Docket Text:**
NOTICE OF SERVICE of Defendant's Second Set of Interrogatories Directed to Wellman by DuPont Dow Elastomers L.L.C..(Cheek, Teresa)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/27/2006] [FileNumber=190320-0]
[33336a96057afa99437c5ce2b7fcc2afb9952b783d17c83ede52eb567f2facb54a80
013e99678f69a51ed39067e3374226672a3f7e1479a9fa8ba2295e91c927]]

**1:05-cv-278 Notice will be electronically mailed to:**

Teresa A. Cheek    tcheek@ycst.com, mmcmi@ycst.com; rrugg@ycst.com; dcole@ycst.com

John M. Stull    jstullesq@aol.com

Barry M. Willoughby    bwilloughby@ycst.com, mmcmillan@ycst.com; dcoles@ycst.com; mstafford@ycst.com; bagostini@ycst.com; rruggieri@ycst.com; employmentcmecf@ycst.com

**1:05-cv-278 Notice will be delivered by other means to:**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBRA-ANN WELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-278-SLR |
| | ) | |
| DUPONT DOW ELASTOMERS L.L.C., | ) | <u>JURY TRIAL DEMANDED</u> |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S SECOND SET
OF INTERROGATORIES DIRECTED TO WELLMAN**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant requests that you answer the following interrogatories under oath and serve a copy of your answers upon its attorneys within 30 days after the date of service upon you.

**DEFINITIONS**

For purposes of these interrogatories, the following terms have the following definitions, unless otherwise stated:

    A.    "You" and "your" includes plaintiff Debra-Ann Wellman and any and all persons or entities acting or purporting to act on her behalf, including without limitation her attorney(s).

    B.    "Person" includes natural persons, firms, corporations and their divisions or subsidiaries, partnerships, associations, and other business entities.

    C.    "Identify," when used in reference to an individual, means to state: (i) his or her full name; (ii) his or her present or last known address and telephone number; and (iii) his or her present or last known business affiliation.

D.  "Identify," when used in reference to a corporation, partnership, association, or other business entity, means to state: (i) its full name; and (ii) its present or last known address and telephone number.

E.  "Identify," when used in reference to a document, means to state: (i) the type of document (e.g., letter, financial record, memorandum); (ii) its date and title, if any; (iii) its originator, if any; (iv) its addressee, if any; (v) its present location; (vi) the person or persons having possession, custody and/or control of it; and (vii) if any such document was but is no longer in your possession or custody or subject to your control, state what disposition was made of it.

F.  The word "document" has the broadest meaning that can be ascribed to it pursuant to Rule 34 of the Federal Rules of Civil Procedure. Among other things, it refers to and includes the final form and all drafts and revisions of any type of written or graphic matter, original or reproduced, however produced or reproduced, of any kind and of every kind, and all copies thereof that are different in any way from the original, regardless of whether different by reason of any notation made on such copies or otherwise, or whether designated "confidential," "privileged," or otherwise restricted. Without limiting the generality of the foregoing, "document" includes correspondence, records, tables, memoranda, notes, diaries, statistics, communications, letters, telegrams, minutes, messages, contracts, reports, studies, ledgers, checks, statements, receipts, returns, summaries, pamphlets, books, journals, purchase orders, invoices, publications, inter-office and intra-office communications, notations, transcriptions, or printouts of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets, all drafts, oral records, or representations of any kind (including, without limitation, photographs, charts,

2

graphs, schedules, reports, drawings, data compilations, microfiche, microfilm, video tapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, computer memories), or any other recorded information of any kind whatsoever, within your knowledge, possession, custody, control, or subject to your control, or accessible to you or your attorneys.

G. "Relate to," "related to" and "relating to" shall mean refer to, reflect, record, describe or be in any other way connected with the matter being discussed.

## INSTRUCTIONS

A. If you cannot answer the following interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion and detail what you did in attempting to secure the unknown information.

B. If you claim that any document, conversation, or other matter is protected by the attorney-client privilege or work-product doctrine, specifically identify each such document, conversation, or other matter, and state the facts and circumstances that you contend create an attorney-client privilege or work product protection.

C. If any of the documents identified in your answers to these interrogatories have been destroyed, or otherwise discarded, you are requested to identify the document destroyed or discarded in the same manner as identification is requested for "privileged" documents.

D. These interrogatories must be supplemented under those circumstances required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

21. Describe in detail the legal and factual basis for each disability discrimination claim you are asserting, including but not limited to the basis for: (a) your contention that you are an individual with a disability, were regarded as having a disability, and/or have record of disability; (b) your contention that you were discriminated against by Defendant because of your disability, perceived disability, and/or record of disability; (c) the identity of all individuals employed by Defendant whom you contend discriminated against you on the basis of disability, perceived disability, and/or record of disability; (d) the specific discriminatory act(s) of each such person, and (e) the date(s) of such discriminatory act(s).

22. Describe in detail all income and employment benefits (including but not limited to social security disability benefits, social security retirement benefits, workers' compensation benefits, and/or unemployment compensation benefits) earned or received by you since February 11, 2002 (including any income and benefits received from Defendant), including but not limited to the source of such income or benefits, the amount and nature of such income or benefits, and the dates received.

23. Describe in detail all physical, psychological, mental and emotional complaints, illnesses, symptoms or disorders you claim to have suffered as a result of the incidents alleged in your Complaint, including but not limited to the specific symptoms, when those symptoms began, and when those symptoms abated or stopped.

24. State whether you are asserting a claim for punitive or liquidated damages, and, if your answer is in the affirmative, state the facts on which you base your contention that such damages are warranted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Teresa A. Cheek*
_____
Barry M. Willougby, Esq. (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6676
Facsimile: (302) 576-3286
Counsel for Defendant

Dated: March 27, 2006