**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBRA-ANN WELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-278-SLR |
| | ) | |
| DuPONT DOW ELASTOMERS, LLC | ) | |
| t/a DUPONT HIGH PERFORMANCE | ) | |
| ELASTOMERS, LLC | ) | |
| Defendant. | ) | |

NOTICE OF SERVICE

I, Barry M. Willoughby, hereby certify that on February 22, 2006, two copies of the

Defendant's First Set of Interrogatories Directed to Plaintiff were hand delivered to the following

person of record:

John M. Stull, Esquire
1300 North Market Street, Suite 700
P.O. Box 1947
Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated: February 22, 2006

051952.1010

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2006, I electronically filed a true and correct copy of the foregoing Notice of Service of Defendant's First Set of Interrogatories Directed to Plaintiff with the Clerk of the Court using CM/ECF.  A copy of such document was hand delivered to:

> John M. Stull, Esquire
> 1300 North Market Street, Suite 700
> P.O. Box 1947
> Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated:  February 22, 2006

DB01:1617274.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBRA-ANN WELLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-278-SLR |
| | ) | |
| DuPONT DOW ELASTOMERS, LLC | ) | |
| t/a DUPONT HIGH PERFORMANCE | ) | |
| ELASTOMERS, LLC | ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST SET OF
## INTERROGATORIES DIRECTED TO PLAINTIFF

### INSTRUCTIONS

A.    You are hereby required, under oath in accordance with Fed. R. Civ. P. 33, to answer the following interrogatories within 30 days of service.

B.    In answering these interrogatories, furnish all information in your possession or in the possession of your officers, agents, employees, attorneys, and investigators for your attorneys.

C.    If you cannot answer the following interrogatories in full after exercising due diligence to secure the information to do so, state the answer to the extent possible, specifying your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

D.   These interrogatories are continuing.  If you or your attorney become aware of the existence of any information within the scope of these interrogatories after your answers have been served, such additional information shall be immediately provided to Defendant's attorneys.

E.   Each Interrogatory is to be answered separately.

F.   If you object to any of these Interrogatories or document requests on the ground that the information or documents sought is privileged, please provide with your answer a privileged log containing the following for each such piece of information or document: the date of the information or document, the nature of the information or document, the subject matter of the information or document, the participant in the communication of information or the author(s) and recipient(s) of the documents, the privilege which you claim protects the information or document, and all persons having knowledge of the information sought, or any person having possession, custody or control of the original documents and all copies thereof.

## DEFINITIONS

A.   The word "document" or "documents" as used herein shall include without limitation the original and any non-identical copy of any written, recorded, or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes of meetings, telegrams, reports, medical records, statements, transcripts of telephone conversations or any other writings of documentary material of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically, electromagnetically, or otherwise) in possession, custody, or control of the above-named Plaintiff and/or her attorneys.

B.    The words "you" or "your" or "Plaintiff" shall mean Debra Wellman, and shall include any and all agents or representatives thereof and/or any individual or other organization acting in her behalf.

C.    Defendant means above named Defendant, (Dupont Dow Elastomers, LLC) ("DDE"), and does not include, E.I. DuPont de Nemours & Co., Inc. ("DuPont") or the Dow Chemical Company ("Dow").

D.    "Person" means and includes any individual, corporation, partnership, association or other entity.

E.    "And" as well as "or" as used herein shall be read and applied as though interchangeable, and shall be construed either disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information and documents.

F.    The term "identify" as used herein in connection with a "person" or "persons" means: state the name, present addresses, the person's business affiliation and title or employer and position as the case may be at the times relevant to the response, the person's last known employers, positions, and employers' address and telephone number, and the responsibilities held by the person during the times relevant to the response.

G.    The term "identify" as used herein in connection with a document means:

(1)    Furnish the name and date of the document, the name and address of the person originating the document, the names and addresses of all persons to whom copies of the document were to have been sent, nature of the document (e.g., letter, memorandum, etc.), subject matter, number of pages, and a summary of its contents.

(2)     State whether you are in possession of the original of the document or a copy thereof, and if not in possession of the original nor a copy, furnish the name and address of the custodian of the original or a copy.

H.     The term "identify" with respect to communication shall mean to indicate whether the communication was oral or embodied or evidenced by a document.  If the latter is the case, please identify the communication in accordance with the instruction for identifying documents set forth in paragraph "F" above.  If the communication was oral, please identify all conversations or other oral communications pertaining to the subject matter of the interrogatory and include the following information: the date of transmittal, the place or location at which the communication occurred, including the state, city, street address and name or nature of the premises, whether the communication occurred over the telephone or other electronic device, or at a face to face meeting, please identify each of the persons participating in such communication and each person in the immediate presence of such persons participating therein, a brief description of the subject matters discussed, and a brief description of the statement made by each person participating in such communication.

I.     The term "identify" with respect to an act, transaction or occurrence means tell, articulate, specify, relate, state or explain every fact necessary to describe such event fully and completely, including the following information for each event: the date such event occurred, the nature of such event, the subject matter of such event, each participant in the event, including each witness of such event, any privilege which you claim protects any information associated with this event, and all persons having knowledge of such event, including all persons having possession, custody or control of any document of such event or copies thereof.

J.      As used herein, the words "record" or "records" including any formal or not formal, official or not official, memorandum or written preservation of any events, actions taken, and details thereof, inquired into here.

K.      As used herein, a "communication" is any transmission or exchange of information, written or oral, formal or informal, regarding any event, action taken, or policy here inquired into.

L.      "Concerning" is used in its broadest sense and shall mean concerning, referring or relating in any way to the subject matter.

M.      Whenever the context in which words are used in these Interrogatories indicates or suggests that such is the intent, words in the singular shall include the plural and vice versa, and words in the masculine, feminine or neuter shall include each of the other genders.

## INTERROGATORIES

1.      Identify each person who has knowledge of the facts alleged in the pleadings, stating for each person the facts about which each such person has knowledge.

2.      Identify each person who has been interviewed on your behalf, state the date of the interview, and the identity of each person present for each such interview.

3.      Identify all persons from whom statements have been procured in regard to the facts alleged in the pleadings.

4.    Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each such person.

5.    Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendant, the claims made in the Complaint, the Charge of Discrimination you filed with the EEOC, or the facts of this case.

6.    Identify each document you sent to or received from the Equal Employment Opportunity Commission ("EEOC"), the Delaware Department of Labor ("DDOL"), or any administrative agency concerning the claims made in the Complaint.

7.    Identify each document you signed, sent to, or received from Defendant or DuPont at the time of your employment with Defendant (DuPont Dow Elastomers, LLC) or at the time you left employment with DuPont together with any documents you subsequently received from either DDE or Dupont.

8.    With regard to any alleged statement made by Defendant or any agent of Defendant, whether oral or written, which you contend constitutes an admission and upon which you may rely at trial, please give a complete recitation thereof, state the date and place of its making and identify the person or persons who made it and who were present when it was made or written.

9.      Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not limited to: (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identifying any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

10.     Please identify all non-monetary relief you are seeking and the basis for your request for such relief.

11.     Identify each physician, psychologist, psychiatrist or any other health care provider consulted by Plaintiff and any medical records or other documents concerning treatment or consultation for any physical or emotional injuries allegedly sustained as a result of the facts alleged in the Complaint.

12.     Identify each doctor, psychiatrist, psychologist, therapist, or health care provider of any kind who treated you in the last ten years.

051952.1010

13.    Please state whether you intend to introduce statistical evidence in support of your claims.  If so, please:  (a) describe the statistical data and specify the particular statistics to be used; (b) identify the source of the statistical data; (c) name any witnesses whom you will call to testify with respect to the statistical data; (d) specify the fact or facts that you claim the statistical data prove and state how that fact or those facts relate to the establishment of each claim you make in this litigation; (e) describe the evidence or testimony which you intend to introduce in this litigation to establish that the statistics to be used establish or tend to establish any claim you make in this litigation.

14.    Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial; whether or not you expect to call him/her as a witness at trial; and for each such person state the date of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

15.    Identify any expert you expect to call as an expert witness at trial and; state the subject matter on which the expert is expected to testify; provide a summary of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion, as required under Court Rules.

16.    Describe all efforts by you to obtain other employment during or after your employment with Defendant, stating the name and address of each employer for whom you have worked or to whom you have applied for employment, the position held or applied for, the

dates you applied for and/or began employment, the annual compensation, the person to whom
you applied and/or the person who supervises you or to whom you report.


17.     Identify any crime you have been convicted of including the original
charges, the offense you were convicted of, the conviction, and each court that has a record of
the conviction.


18.     Please state your current home address and each address where you have
lived for each of the last ten years.


19.     Identify any lawsuit, other than this action, in which you are or were a
party including the names of all parties, the caption of the case, the court in which such lawsuit
was filed.


20.     Identify the person answering and signing the answers to these
interrogatories, and identify each person, other than counsel, who has been consulted, who has
provided information for, or who assisted in answering these interrogatories.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Barry M. Willoughby, Esquire (No. 1016)
Teresa A. Cheek, Esquire (No. 2657)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6676
Facsimile: (302) 571-3345; (302) 576-3286
Email: bwilloughby@ycst.com; tchee@ycst.com
Attorneys for Defendant

Dated: February 22, 2006

## McMillan, Margaret

**From:**       Francesca_Tassone@ded.uscourts.gov
**Sent:**       Friday, February 24, 2006 2:17 PM
**To:**         McMillan, Margaret
**Subject:**    Re: Wellman v. DuPont Dow Elastomers - 05-278 REPLACEMENT DOC. 14.pdf
**Attachments:** Wellman v. DuPont Dow Elastomers - 05-278 REPLACEMENT DOC. 14.pdf


I received your email and the pdf has been replaced.


"McMillan, Margaret" <mmcmillan@ycst.com>                 To  <francesca_tassone@ded.uscourts.gov>

                                                          cc
02/24/2006 12:25 PM                        Subject Wellman v. DuPont Dow Elastomers - 05-278 REPLACEMENT DOC. 14.pdf




<<Wellman v. DuPont Dow Elastomers - 05-278 REPLACEMENT DOC. 14.pdf>>