# EXHIBIT D



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBRA-ANN WELLMAN,                    )
                                      )
            Plaintiff,                )
                                      )
    v.                                )  Civil Action No. 05-278-SLR
                                      )  Civil Action No. 05-279-SLR
                                      )  Civil Action No. 05-280-SLR
DuPONT DOW ELASTOMERS, LLC            )
t/a DUPONT HIGH PERFORMANCE           )
ELASTOMERS, LLC;                      )
DOW CHEMICAL COMPANY, and             )
E. I. DuPont de Nemours and Co., Inc.,)
                                      )
            Defendants.               )

### PLAINTIFFS RESPONSE TO DEFENDANT'S FIRST/SECOND SET OF DOCUMENT REQUEST/INTERROGATORIES DIRECTED TO PLAINTIFF

### INTERROGATORIES

1.      Identify each person who has knowledge of the facts alleged in the

pleadings, stating for each person the facts about which each such person has knowledge.

**RESPONSE:**    See attached list of work-site contacts and individuals withhwich Plaintiff had

contact.

2.      Identify each person who has been interviewed on your behalf, state the

date of the interview, and the identity of each person present for each such interview.

**RESPONSE:**    No specific interviews have been pursued such as to establish Plaintiff's on-

site hostile work envirnment.

3.    Identify all persons from whom statements have been procured in regard to the facts alleged in the pleadings.

**RESPONSE:**    No statements have been procured.

4.    Identify all persons, other than your attorneys, with whom you have discussed the matters that are the subject of this lawsuit, and supply the address and telephone number of each such person.

**RESPONSE:**    See depositions of treating physicians that details specific and detrimental actions inflicted upon Plaintiff such as to result in her permanent personality disorder and fear of human relationships within an employment environment.

5.    Identify each document that you have, and each document of which you are aware, which relates to any alleged wrongful act by Defendant, the claims made in the Complaint, the Charge of Discrimination you filed with the EEOC, or the facts of this case.

**RESPONSE:**    Said documents will be provided or are already in the possession of Defendants.

6.    Identify each document you sent to or received from the Equal Employment Opportunity Commission ("EEOC"), the Delaware Department of Labor ("DDOL"), or any administrative agency concerning the claims made in the Complaint.

**RESPONSE:**    Said documents will be provided as needed if they exist, subject authority of the EEOC to release said document on the basis of confidentiality and concern for releasing records covered by HIPPA regulations and related regulations.

7.    Identify each document you signed, sent to, or received from Defendant or DuPont at the time of your employment with Defendant (DuPont Dow Elastomers, LLC) or at the time you left employment with DuPont together with any documents you subsequently received from either DDE or Dupont.

**RESPONSE:**    Said documents are within the possession of Defendants and/or will be provided at the appropriate time such as not to prejudice Defendants.

8.    With regard to any alleged statement made by Defendant or any agent of Defendant, whether oral or written, which you contend constitutes an admission and upon which you may rely at trial, please give a complete recitation thereof, state the date and place of its making and identify the person or persons who made it and who were present when it was made or written.

**RESPONSE:**    Said statements will be provided at the appropriate time such as not to prejudice Defendants.

9.    Describe in detail each way in which you contend you were injured or have suffered damages as a result of the claims made in your Complaint including, but not limited to: (a) stating the total amount of damages claimed for pecuniary or financial losses of any kind; (b) itemizing the amount of each element of damages claimed; (c) stating all facts or grounds upon which you rely to support each element of damages claimed; (d) stating the methods, theories and calculations by which you arrived at the claimed dollar amounts of each element of damages claimed; (e) identifying any person (including expert witnesses) whom you know or whom you believe has knowledge of the basis for and calculation of such damages; and (f) identifying the person(s) who calculated the amount of each element of damages claimed.

**RESPONSE:**     (a)  Damages will be shown to exist as loss of pension benefits, loss of

control of Section 401(k) funds and their use, loss of job salary, loss of future job options due to

being categorized as a non-productive employee,  so as to deny Plaintiff her consistent and

recognized ability to earn $50,000 yearly salary plus salary bonuses and other pension

entitlements that would enhance her pension benefits, plus other employee benefits such as

health, dental, vision and disability options as needed to protect against work-related issues.

(b)  All other monetary and punitive job loss items will be provided as needed or as requested

after full deposition involvement of Defendants' employees, agents and on-site actors.

        10.     Please identify all non-monetary relief you are seeking and the basis for

your request for such relief.

**RESPONSE:**         No non-monetary relief is sought other than the denial of re-employment

by DuPont which option was denied and which option has contributed to damages and financial

loss of Plaintiff due to her disconnection with her traditional benefit entitlements accrued over 19

years of prior employment with DuPont.  Monetary relief described above is not intended to limit

extended proof of punitive damages which will be presented to a jury and established upon trial

after further review and deposition of Defendants' witness and former employees.

**RESPONSE:**

        11.     Identify each physician, psychologist, psychiatrist or any other health care

provider consulted by Plaintiff and any medical records or other documents concerning treatment

or consultation for any physical or emotional injuries allegedly sustained as a result of the facts

alleged in the Complaint.

**RESPONSE:**    Said individuals have been revealed to defendants by Defendants' own records.

12.     Identify each doctor, psychiatrist, psychologist, therapist, or health care provider of any kind who treated you in the last ten years.

**RESPONSE:**     Said request involves privileged and irrelevant information none of which is involved or would contribute to the issues of this proceeding.

13.     Please state whether you intend to introduce statistical evidence in support of your claims. If so, please: (a) describe the statistical data and specify the particular statistics to be used; (b) identify the source of the statistical data; (c) name any witnesses whom you will call to testify with respect to the statistical data; (d) specify the fact or facts that you claim the statistical data prove and state how that fact or those facts relate to the establishment of each claim you make in this litigation; (e) describe the evidence or testimony which you intend to introduce in this litigation to establish that the statistics to be used establish or tend to establish any claim you make in this litigation.

**RESPONSE:**     Said statistical information will be provided as an excerpt from the desk book of mortality tables to show the life-long impact of loss of Plaintiff's job potential and which table is an accepted statistical reference established by the U.S. Department of Labor. Said statistical analysis will establish the life-long damages suffered by Plaintiff as a result of her on-site and on the job action impact of the sexual harassment of her supervisor.

14.     Identify each expert retained or employed by you in anticipation of this litigation or preparation for trial; whether or not you expect to call him/her as a witness at trial; and for each such person state the date of initial employment and identify any reports, letters, other documents or memoranda, photographs, models or other tangible objects prepared by such expert.

**RESPONSE:**     Treating physicians which Defendants' have deposed will provide same.

15.    Identify any expert you expect to call as an expert witness at trial and; state the subject matter on which the expert is expected to testify; provide a summary of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion, as required under Court Rules.

**RESPONSE:**    Plaintiff will call no expert at trial.

16.    Describe all efforts by you to obtain other employment during or after your employment with Defendant, stating the name and address of each employer for whom you have worked or to whom you have applied for employment, the position held or applied for, the dates you applied for and/or began employment, the annual compensation, the person to whom you applied and/or the person who supervises you or to whom you report.

**RESPONSE:**    Plaintiff is employed at AstraZeneca, under an arrangement by which Plaintiff earns approximately $30,000 per year.  This compares with the employment of Plaintiff at DuPont/DDE at an approximate annual salary of $55,000 per year.

17.    Identify any crime you have been convicted of including the original charges, the offense you were convicted of, the conviction, and each court that has a record of the conviction.

**RESPONSE:**    None.

18.    Please state your current home address and each address where you have lived for each of the last ten years.

**RESPONSE:**    This information is considered privileged information and is denied under a protective claim of fear by Plaintiff that her personal situation and personal life will be subject to coercion and intimidation generated by Defendants.

19.    Identify any lawsuit, other than this action, in which you are or were a party including the names of all parties, the caption of the case, the court in which such lawsuit was filed.

**RESPONSE:**        None.

20.    Identify the person answering and signing the answers to these interrogatories, and identify each person, other than counsel, who has been consulted, who has provided information for, or who assisted in answering these interrogatories.

**RESPONSE:**        None other than Plaintiff.

21.    Describe in detail the legal and factual basis for each disability discrimination claim you are asserting, including but not limited to the basis for (a) your contention that you are an individual with a disability, were regarded as having a disability, and/or have a record of disability; (b) your contention that you were discriminated against by Defendant because of your disability, perceived disability, and/or record of disability; (c) the identity of all individuals employed by Defendant whom you contend discriminated against you on the basis of disability, perceived disability, and/or record of disability; (d) the specific discriminatory act(s) of each such person, and (e) date(s) of such discriminatory act(s).

**RESPONSE:**    (a):    Wellman presented to three treating physicians a severely reduced psyche that indicated her obvious impairment so as to cause DuPont to offer via Wellman's attorney a settlement based on her applying for and receiving an "Incapability" pension from the duPont Pension and Retirement Plan plus a supplement from  the Total and Permanent Disability Income plan (T & P Plan) to total 60% of her salary.  This offer indicated that her supervision considered her sufficiently impaired so as to qualify under two disability plans of "DuPont" as that term is put forth as a remedy for the LLC obligations to include both Dow Chemical and DuPont.  Not

only do these actions on the part of all Defendants indicate Plaintiff Wellman's entitlements to recovery, but ass three of her treating physicians approve and attest to her impairments. See Depositions of Dr.s Whitehill, Glacken, and her testing physician Dr. Langan.

As a legal basis, Plaintiff Wellman will establish that her plight was communicated to Human Resources executives who did nothing to activate the process toward resolution. **Suders v. Pennsylvania State Police,** (citation on request) will establish a legal basis, plus Justice Oconner will attest to the unnecessary proof needed to indicate a hostile work environment should the claimant have a panic attack or some other similar reaction such as to cause an impact on the employment status of the claimant.

Specific dates of job actions to result in Plaintiff Wellman's impairments will be detailed via her treating physician's deposition transcripts as needed.

All individuals with knowledge of on-going information are/will be detailed in accompanying response to Defendants' requests for disclosure of any and all documentation within Plaintiff's possession.

22.    Describe in detail all income and employment benefits (including but not limited to social security disability benefits, social security retirement benefits, workers compensation benefits, and/or unemployment benefits) earned or received by you since February 11, 20002 (including any income and benefits received from Defendant), including but not limited to the source of such income or benefits, the amount and nature of such income or benefits, and the dates received.

**RESPONSE:**    Employment benefits were non-existent due to rejection of an a proposal to Plaintiff's counsel that she apply for disability with the DuPont Company and its plans. Therefore Plaintiff's options were social security disability and retirement benefits which was

not applied for, unemployment benefits which were denied on objection of Dow Chemical / LLC

(Counsel appearing in opposition), workers compensation benefits which were also denied for

the same reasons, all with the exception of three months of short term disability benefits which

covered Plaintiff's salary. All retirement benefits from DuPont were frozen and no assets were

provided such as to justify the use of such assets in compensation for Plaintiff's loss of job.

      23.    Describe in detail all physical, psychological, mental and emotional

complaints, illnesses, symptoms or disorders you claim to have suffered as a result of the

incidents alleged in your Complaint, including but not limited to the specific symptoms, when

those symptoms began, and when those symptoms abated or stopped.

**RESPONSE:**    See treating physician reports and results of depositions conducted by

Defendant counsel to establish Plaintiff's impairments and hostile work environment. Said

details will be provided to Defendants upon completion of transcripts.

      24.    State whether you are asserting a claim for punitive or liquidated damages,

and, if your answer is in the affirmative, state the facts on which you base your contention that

such damages are warranted.

**RESPONSE:**    Plaintiff will assert punitive damages as a result of the hostile work

environment perpetuated and extended by lack of a program of employer resolution as required

by U. S. Supreme Court directives such as to result in a permanent job loss and a going-forward

detriment/impairment of work ability and employment enjoyment. Damage to Plaintiff's psyche

will be shown to exist as a permanent damage cresting fear and apprehension impinging upon

Plaintiff's ability to work and to fulfill her life-long enjoyment of human relationships which

have been permanently denigrated as a result of all Defendants' on-site and employment-related

actions via all Defendants' agents/employees and approvals of said actions.

/s/ JOHN M. STULL
John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Debra-Ann Wellman
Dated: September 25, 2006
jstullesq@aol.com

Dated: September 25. 2006

## CERTIFICATE OF SERVICE

I, John M. Stull, counsel for Plaintiff Debra-Ann Wellman, do hereby certify that the

foregoing document of Response to Defendants Interrogatories/Document Request was sent via

Notice of Service and e-filed with the District of Delaware on September 25, 2006, with an

appropriate hard copy hand-delivered to the offices of the following counsel of record for

Defendants Dow Dupont Elastomers LLC, Dow Chemical Company and DuPont Company (E. I.

DuPont de Nemours & Co., Inc.) as indicated above:

       Barry M. Willoughby, Esquire (No. 1016)
       Teresa A. Cheek, Esquire (No. 2657)
       The Brandywine Building
       1000 West Street, 17th Floor
       P.O. Box 391
       Wilmington, DE 19899-0391

       Kathleen Furey McDonough, Esquire
       Jennifer Gimler Brady, Esquire
       Elizabeth King, Esquire
       Email: eking@potteranderson.com
       Hercules Plaza, Sixth Floor
       1313 N. Market Street
       Wilmington, DE 19899-0951

Dated:  September 25, 2006

## Time Line For Debra-Ann Wellman – vs. The DuPont Company – The Dow Chemical Company & DuPont Dow Elastomers

| Date | Action Comments | Person's Involved | Miscellaneous |
|---|---|---|---|
| January 16, 2002 – 8:00 AM | Discussion of Contribution (DOC) with Paul R. Graves | Debra-Ann Wellman Paul R. Graves | |
| January 17, 18, 21, 22, 2002 | Leaving numerous AUDIX phone messages with Karen Cronin | Debra-Ann Wellman Karen Cronin | |
| January 23, 2002 | Send Karen Cronin to try to describe the sexual harassment and abuse by Paul R. Graves | Debra-Ann Wellman | |
| January 31, 2002 | Karen Cronin meets with me for the first time for a 1:1 meeting for me to explain what Paul R. Graves did to me (sexual harassment/abuse/assault) Karen Cronin never calls me back and never give me a path forward on any type of process for sexual harassment 2:00 PM – 4:00 PM | Debra-Ann Wellman Karen Cronin | In Deb's office at DTP – Suite 400 |
| February 4, 2002 | I call DuPont's EAP Hot Line – EAP – Counselor Michael Sherman calls me back. I am scheduled to see him on 2/7/02 | Debra-Ann Wellman Michael Sherman | Telephone Call |
| February 7, 2002 | I receive a telephone call from Michael Sherman at asking me how I am. Michael states at that time that he will be pulling me from the job, but will have more information for me at tomorrow's meeting | Debra-Ann Wellman Michael Sherman | Telephone Call |
| February 8, 2002 | I meet with Michael Sherman for the first time at ~2:30 PM to further discuss with him in person what has happened to me. I sign documents and he schedules appointments with me to meet with DuPont doctors. He tells me to call out sick first thing in the morning on Monday – February 11, 2002 and arrive at his location at Stine Haskell first thing in the morning there. | Debra-Ann Wellman Michael Sherman | 1:1 Meeting – at DuPont's Stein Haskell Laboratory Medical Division |

| Date | Action Comments | Person's Involved | Miscellaneous |
|------|-----------------|-------------------|---------------|
| February 11, 2002 | I meet with Michael Sherman at Stein Haskell, and the DuPont Plant Doctor – Dr. Donald Cameron, also examines me. Dr. Cameron puts me on medical leave. | Debra-Ann Wellman<br>Michael Sherman<br>Dr. Donald Cameron | Stein Haskell Laboratory |
| February 11, 2002 – August 26, 2002 | I am required to see: Dr. Mary Louise Whitehill, Dr. Michael Glacken, Dr. Daniel Kadish, Dr. Solomon Kadish, Dr. James S. Langan | Numerous doctor's visits and testing done | |
| May 20, 2002 | File charges with the EEOC – EEOC gives me a group of forms that I have to fill out and return to them on June 27, 2002 | Debra-Ann Wellman<br>Brenda Hester | EEOC Philadelphia District Office |
| June 27, 2002 | Have a formal meeting with EEOC Investigator deliver typed written EEOC documents for Investigator's needs 8:30 AM | Debra-Ann Wellman<br>Brenda Hester<br>Kathleen Wisniewski | EEOC Philadelphia District Office |
| July 19, 2002 | Barry Willoughby starts sending documents to my attorney for Incapability Disability processing. I am advised not to sign these documents | Debra-Ann Wellman, receives this document my attorney | |
| August 13, 2002 | Back to work meeting with Sonja Barham – EAP Counselor, Kitty LaPenta – DuPont Dow Elastomers HR Vice President, Pat Bowhall – DuPont Dow Elastomers HR Partner (Pat is on the telephone for just a brief time) Kitty is forcing me to go back with Paul R. Graves as my boss, I refuse, because of how he sexually harassed me and I request to go back to my parent company DuPont. Kitty says I must go back to Paul he is from The Dow Chemical Company. | Debra-Ann Wellman<br>Sonja Barham<br>Kitty LaPenta<br>Pat Bowhall | DuPont's Chestnut Run Site |
| August 15, 2002 | Filed and signed final document with the EEOC, various charges including sexual harassment | Debra-Ann Wellman<br>Brenda Hester | EEOC Philadelphia District Office |

| Date | Action Comments | Person's Involved | Miscellaneous |
|------|-----------------|-------------------|---------------|
| August 16, 2002 | DuPont Dow Elastomers (DDE) Requested another meeting, attorney was on vacation and I needed more time to speak with him | Debra-Ann Wellman | |
| August 23, 2002 | FED EX arrives at home address asking for another meeting. I called Sonja Barham and left and AUDIX message on Saturday – August 24, 2002 and said I was not able to come to this meeting. | Debra-Ann Wellman | |
| August 26, 2002 | FED EX arrives at home address telling me I was terminated. | Debra-Ann Wellman | |
| September 19, 2002 | I filed for unemployment with the State of Delaware Department of Labor – explained that I was fired and sexually harassed. | Debra-Ann Wellman | |
| October 16, 2002 | Hearing with the Delaware Department of Labor. Explained my sexually harassment abuse and other assaults that happened to me. | Debra-Ann Wellman John C. Bokius – Department of Labor Appeals Referee Karen Cronin – DDE HR Barry Willoughby – Attorney for DDE | |
| October 24, 2002 | Delaware Department of Labor Decision is Mailed to home address | Debra-Ann Wellman | |
| December 2002 | Modifications made to EEOC Documents to read that retaliation occurred due to the fact that I filed charges with them. | Brenda Hester Dick Weir | |
| December 18, 2004 | Negotiation Questions being asked by DuPont, Dow Chemical and DuPont Dow Elastomers. I received my document to respond to in January 3, 2005 | Debra-Ann Wellman Brenda Hester | |
| February 25, 2005 – 90-Day Time Frame To File Lawsuit | I receive three (3) right to sue letters for: The DuPont Company The Dow Chemical Company DuPont Dow Elastomers | Brenda Hester Debra-Ann Wellman | |

| Date | Action Comments | Person's Involved | Miscellaneous |
|---|---|---|---|
| March 3, 2005 | Receive notice that DuPont Dow Elastomers is dissolved and all employees went back to their respective parent companies: The DuPont Company and / or Dow Chemical Company | | |

NAMES, TELEPHONE NUMBERS & ADDRESSES
OF PEOPLE THAT KNEW OF D. A. WELLMAN'S
HARASSMENT.

6/07/02 MEETING

# OF PAGES - 2

| NAME | TELEPHONE NUMBER | ADDRESS |
|---|---|---|
| Jim Alexander | 302 - 733-8835 | Delaware Technology Park - Suite 400 - Newark, DE 19711 |
| Renee` Carter | 302 - 778- 3965 | 445 Montclaire Apt. #7 - Claymont, De 19703 |
| | | |
| Linda Lyons | 302 - 733-8821 | Delaware Technology Park - Suite 200 - Newark, DE 19711 |
| Mary Ann Sawyer | 302 - 733-8892 | Delaware Technology Park - Suite 100 - Newark, DE 19711 |
| Bill King | 302 - 733-8963 | Delaware Technology Park - Suite 400 - Newark, DE 19711 |
| Russ Schnell | 302 - 733-8967 | Delaware Technology Park - Suite 400 - Newark, DE 19711 |
| John Marshall | 302 - 792-4185 | 300 Bellevue Park Corporate Center - |
| Alex Bonfante | 302 - 792-4262 | 300 Bellevue Park Corporate Center - Wilmington, DE 19809 |
| Nancy Harton | 302 - 792-4347 | 300 Bellevue Park Corporate Center - Wilmington, DE 19809 |
| Darlene Williams | 302 - 451-0698 | 5 Tralee Industrial Park Drive - Kalrez Plant - Newark, DE 19711 |
| Miriam DiSantis | 302 - 451-0650 | 5 Tralee Industrial Park Drive - Kalrez Plant - Newark, DE 19711 |
| Willie N. K. Revolta | 011 44 1442346850 | 5 Maylands - Hemelhampstead, UK England |
| Karen Evans | 302 - 773-1673 | DuPont Company - D-5313 - Wilmington, DE 19810 |
| Susan Zeidenbergs | 610 - 494 - 5185 | Helena Bergdo Corp. 5702 Highland Dr. Bothwyn, Pa 19061 |

| NAME | TELEPHONE | ADRESS |
|---|---|---|
| Ed Ferber | 302 - 792-4170 | 300 Bellevue Park Corporate Center - Wilmington, DE 19809 |
| Kathy Wisniewski | 302 - 378-9069 | 725 Money Rd. - Townsend, DE 19734 |
| Dr. Albert Fasti | 281 - 497-7510 | 909 Diary Ashford Road - Suite 105 - Houston, TX |
| Pascal Ferrandez | 302 - 733-8839 | Delaware Technology Park - Suite 400 - Newark, DE 19711 |
| Joyce Thompson | 302 - 733-8850 | Delaware Technology Park - Suite 400 - Newark, DE 19711 |

CONTACT NAMES - D.A. WELLMAN

6/27/02 MEETING

RE: D. A. Whitman - Individuals that I've interacted with or are still interacting with since February 11, 2002 for pursuit of lawsuit

- Michael C. Sherman - LCSW, CEAP - DuPont Employee Assistance Consultant - 302-451-0808

- Dr. Donald Cameron - DuPont Stine Labs Plant Doctor and Diane Halsey - Stine Labs Nurse - 302-366-5379

- Dr. Mary Louise Whitehill - Psychologist - PHD 302-658-0890 (assigned by DuPont EAP)

- Dr. Michael Glackin - Psychiatrist from Connections Community Support Programs, Inc. 302-984-3388 (assigned to see Dr. Glackin by EAP from DuPont, Dr. Glackin said there was nothing wrong with me, that I was suffering from "Culture Shock" from the Dow chemical employees."

- Called DuPont Hotline to report Paul Graves conversation about "DuPont is treating the JV like ENRON" conversation with me on 1/16/02 that he had with me. I was assigned to Jane McManis (302-695-5203) - Hot Line # (302-774-3336) Was told to call Hotline by Michael Sherman to report.

- SONJIA BURNHAM - EAP Consultant - new person that I've been assigned to. 302-999-4772