IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 05-278-SLR |
| | ) C. A. No. 05-279-SLR |
| DUPONT DOW ELASTOMERS, LLC, | ) |
| E. I. DUPONT DE NEMOURS & CO., INC. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF DEBRA-ANN WELLMAN'S
OPENING/ANSWER BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

John M. Stull, Esq. (Del. Bar #568)
715 N. King St., Ste 100
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Debra-Ann Wellman

Dated: October 12, 2007

## NATURE AND STAGE OF THE PROCEEDINGS

Complaint was filed on May 9, 2005, by Plaintiff Debra-Ann Wellman, pro se, seeking remedies under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for employment discrimination. Title VII discrimination protections are set forth in 42 U.S.C.A. Section 2000e-2 as Unlawful employment practices. Sex and gender discrimination protection during employment are provided by subsection (a)(1), and employment, hiring or other deprivation of employment application rights are protected by subsection (a)(2).

Jurisdiction exists by virtue of 42 U.S.C. Section 2000e-5. Equitable and other relief are also sought under 42 U.S.C. Section 2000e-5(g). Defendant DuPont Dow Elastomers, LLC, ("DDE") filed an Answer, denying all discriminatory acts of Defendant DDE or its employees. Discovery has been limited to document production, depositions and failure on the part of Defendant DDE to detail the bases for its Affirmative Defense allegations. The within Brief is Plaintiff's Opening Brief, also entitled and submitted as Plaintiff Wellman's Opening/Answer Brief to Defendants' DDE Opening Brief and DuPont Company's Opening Brief. This Opening/Answer Brief is filed October 12, 2007.

## SUMMARY OF ARGUMENT

1. Plaintiff Debra-Ann Wellman ("Wellman" or "Plaintiff") has had on-going medical-psychiatric conditions requiring treatment by several doctors over eight months following her termination from her job. As a result of harassment on her job site at DDE (Tralee Park) by her supervisor Paul Graves, her medical conditions were aggravated to the point of her making every effort toward seeking relief through the Human Resources ("HR") program for transfer to an alternate work site out of the managerial control of Paul Graves.

As this alternative via HR proved unresponsive to her requests, or stymied her as to any other alternative sites within DDE, she was placed on short term disability, and eventually terminated due to her not accepting a return to work under the managerial control of Paul Graves.

As substantiated by her Psychiatric medical doctors, being Dr. Mary Louise Whitehill and Dr. Michael Glacken, she was advised by these medical professionals not to return to work under her current supervisor Paul Graves. She also was advised by Michael Sherman, HR advisor, and Dr. Donald Cameron, site medical director at Stine-Haskell Lab, not to return to her aggravating work site location. Despite these advisories, and her repeated requests to obtain an alternative work site and continued job fulfillment within DDE, **or at DuPont**, she was unable to "return to work." As a result, she was terminated for "abandoning her job," denied disability under any DDE HR programs, thereby lost her unemployment rights and continuing entitlement to retirement benefits, and ultimately was forced to seek employment elsewhere.

Because her employment was medically unsustainable under the level of harassment exhibited toward her by Paul Graves, she has therefore suffered either a

gender-based discrimination tort, or a mixed-motive employment discrimination action, either of which has caused her job loss.

2. Wellman has documented her continual harassment by her deposition testimony and that of several medical professionals, thereby meeting her burden of establishing discrimination by her supervisor Paul Graves as to her sex, as to her physical appearance, and as to her disability due to a hostile work environment. She has documented her medical condition by which she has been prevented from continuing an active administrative career within DDE, or DuPont Company.

DDE, as the employing authority of Paul Graves, and as having ratified Paul Graves' actions in his continuation of his sexual harassment by <u>non-responsiveness</u> of the Human Resources Department of DDE to seek resolution via alternative work site location or other personnel options, has thereby authorized Mr. Graves in his position as her immediate supervisor controlling and reviewing her daily duties to act for DDE, and has contributed to and authorized sexual harassment by said Paul Graves, and is thereby liable under Title VII as an employer.

## STATEMENT OF FACTS

Plaintiff Debra-Ann Wellman, ("Wellman" or "Plaintiff") has been under treatment for psychiatric conditions and other infirmities since approximately 2002, and has been given short term disability payments from DDE. She has lost her entitlement to any long term disability pension via job loss so as to obtain qualification from the DuPont Pension Trust. As to her psychiatric condition, her treating physicians, Dr.s Whitehill and Glacken, have, through deposition testimony established her inability to continue her DDE career due to harassment by her on-the-job supervisor, Paul Graves. Dr. Whitehill's testimony is set forth as noted in the Appendix material at A133-195, filed herewith, as a DuPont Employee Assistance Program reference medical reference seeking to remedy Wellman's on-the-job harassment, and as verified by a similar EAP physician Dr. Gracken at A196-227. Deposition testimony of these two physicians details Wellman's Mood weaknesses due to said harassment, and the history of on-the-job effects of harassment and permanency of mental conditions.

See, as to Dr. Whitehill, Pl. App. 134-195. This testimony outlines Ms Wellman's entire case in context and its claims due to no response by DDE and its HR department to resolve matters at her work site.

See also Dr. Galcken testimony as to the need to relocate to another work environment. Pl. App. 197-227.

Wellman suffered sexual harassment from Supervisor Paul Graves continually for several months, but sought to deal with these volatile outbursts of Graves by avoiding him, and to obtain support from other similarly treated females.

Paul Graves' harassment of Wellman due to her status as a female subordinate continued until her physical fear drove her to seek help via her HR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-278-SLR |
| ) | C. A. No. 05-279-SLR |
| DUPONT DOW ELASTOMERS, LLC, ) | |
| E. I. DUPONT DE NEMOURS & CO., INC. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF DEBRA-ANN WELLMAN'S OPENING/ANSWER BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

John M. Stull, Esq.  (Del. Bar #568)
715 N. King St., Ste 100
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Debra-Ann Wellman

Dated: October 12, 2007

## NATURE AND STAGE OF THE PROCEEDINGS

Complaint was filed on May 9, 2005, by Plaintiff Debra-Ann Wellman, pro se, seeking remedies under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, for employment discrimination. Title VII discrimination protections are set forth in 42 U.S.C.A. Section 2000e-2 as Unlawful employment practices. Sex and gender discrimination protection during employment are provided by subsection (a)(1), and employment, hiring or other deprivation of employment application rights are protected by subsection (a)(2).

Jurisdiction exists by virtue of 42 U.S.C. Section 2000e-5. Equitable and other relief are also sought under 42 U.S.C. Section 2000e-5(g). Defendant DuPont Dow Elastomers, LLC, ("DDE") filed an Answer, denying all discriminatory acts of Defendant DDE or its employees. Discovery has been limited to document production, depositions and failure on the part of Defendant DDE to detail the bases for its Affirmative Defense allegations. The within Brief is Plaintiff's Opening Brief, also entitled and submitted as Plaintiff Wellman's Opening/Answer Brief to Defendants' DDE Opening Brief and DuPont Company's Opening Brief. This Opening/Answer Brief is filed October 12, 2007.

# SUMMARY OF ARGUMENT

1. Plaintiff Debra-Ann Wellman ("Wellman" or "Plaintiff") has had on-going medical-psychiatric conditions requiring treatment by several doctors over eight months following her termination from her job. As a result of harassment on her job site at DDE (Tralee Park) by her supervisor Paul Graves, her medical conditions were aggravated to the point of her making every effort toward seeking relief through the Human Resources ("HR") program for transfer to an alternate work site out of the managerial control of Paul Graves.

As this alternative via HR proved unresponsive to her requests, or stymied her as to any other alternative sites within DDE, she was placed on short term disability, and eventually terminated due to her not accepting a return to work under the managerial control of Paul Graves.

As substantiated by her Psychiatric medical doctors, being Dr. Mary Louise Whitehill and Dr. Michael Glacken, she was advised by these medical professionals not to return to work under her current supervisor Paul Graves. She also was advised by Michael Sherman, HR advisor, and Dr. Donald Cameron, site medical director at Stine-Haskell Lab, not to return to her aggravating work site location. Despite these advisories, and her repeated requests to obtain an alternative work site and continued job fulfillment within DDE, **or at DuPont**, she was unable to "return to work." As a result, she was terminated for "abandoning her job," denied disability under any DDE HR programs, thereby lost her unemployment rights and continuing entitlement to retirement benefits, and ultimately was forced to seek employment elsewhere.

Because her employment was medically unsustainable under the level of harassment exhibited toward her by Paul Graves, she has therefore suffered either a

gender-based discrimination tort, or a mixed-motive employment discrimination action, either of which has caused her job loss.

2. Wellman has documented her continual harassment by her deposition testimony and that of several medical professionals, thereby meeting her burden of establishing discrimination by her supervisor Paul Graves as to her sex, as to her physical appearance, and as to her disability due to a hostile work environment. She has documented her medical condition by which she has been prevented from continuing an active administrative career within DDE, or DuPont Company.

DDE, as the employing authority of Paul Graves, and as having ratified Paul Graves' actions in his continuation of his sexual harassment by <u>non-responsiveness</u> of the Human Resources Department of DDE to seek resolution via alternative work site location or other personnel options, has thereby authorized Mr. Graves in his position as her immediate supervisor controlling and reviewing her daily duties to act for DDE, and has contributed to and authorized sexual harassment by said Paul Graves, and is thereby liable under Title VII as an employer.

## STATEMENT OF FACTS

Plaintiff Debra-Ann Wellman, ("Wellman" or "Plaintiff") has been under treatment for psychiatric conditions and other infirmities since approximately 2002, and has been given short term disability payments from DDE. She has lost her entitlement to any long term disability pension via job loss so as to obtain qualification from the DuPont Pension Trust. As to her psychiatric condition, her treating physicians, Dr.s Whitehill and Glacken, have, through deposition testimony established her inability to continue her DDE career due to harassment by her on-the-job supervisor, Paul Graves. Dr. Whitehill's testimony is set forth as noted in the Appendix material at A133-195, filed herewith, as a DuPont Employee Assistance Program reference medical reference seeking to remedy Wellman's on-the-job harassment, and as verified by a similar EAP physician Dr. Gracken at A196-227. Deposition testimony of these two physicians details Wellman's Mood weaknesses due to said harassment, and the history of on-the-job effects of harassment and permanency of mental conditions.

See, as to Dr. Whitehill, Pl. App. 134-195. This testimony outlines Ms Wellman's entire case in context and its claims due to no response by DDE and its HR department to resolve matters at her work site.

See also Dr. Galcken testimony as to the need to relocate to another work environment. Pl. App. 197-227.

Wellman suffered sexual harassment from Supervisor Paul Graves continually for several months, but sought to deal with these volatile outbursts of Graves by avoiding him, and to obtain support from other similarly treated females.

Paul Graves' harassment of Wellman due to her status as a female subordinate continued until her physical fear drove her to seek help via her HR

representative Karen Cronin. Because this alternative was unresponsive, she was placed on short term disability and allowed to separate herself from the supervisory control of Paul Graves. As a result, Wellman lost her employment and was not offered other work at her former employer DuPont.

Ms. Wellman sought help from "DDE HR" in the person of Karen Cronin. At deposition, Ms. Cronin was asked to verify her response to Ms. Wellman's request for help as to recycling her employment site or duties within DDE as to Mr. Graves. Ms. Cronin continually referred to Katherine LaPenta, HR Director for DDE, whose office was adjacent to Karen Cronin at Delaware Corporate Plaza. Ms. Wellman was never advised or otherwise reassured as to her options within DDE Human Resources to resolve her issues as to Mr. Graves.

See Pl. App. 0025-63, Cronin, attached to Plaintiff's Opening/Answering Brief on Motion for Summary Judgment, in Support thereof, and Order and Motion.

# ARGUMENT

**I. Under Title VII, 42 U.S.C.A Section 2000e-2, a mixed-motive job termination containing an element of sexual harassment subjects the employer to strict liability without recourse to affirmative defenses where evidence of termination of employment can be shown by a preponderance of the evidence to be the result of harassment by a supervisor.**

1. Defendant DDE, by its continuation of support of Paul Graves has placed itself in the position as an employer having direct, strict liability for an employment discrimination act in violation of 42 U.S.C.A. Section 2000e, et.seq. ("Title VII"). As a result of the act and supervisory control of the situation by Paul Graves, resulting in Wellman's breakdown and termination of employment due to such job-inflicted disability and emotional instability resulting thereby, and sanctioned by allowing such events to continue with knowledge of the DDE HR personnel, has created a strict liability for DDE, such as to deny its legal position the benefit of an affirmative defense. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 22; 114 S.Ct. 367 (1993), referencing Meritor Savings Bank v. Vinson, 477 U.S. 57, 66-67; 106 S.Ct. 2399 (1986), and Suders v. Easton, 325 F.3d 432, 435, 462 (3rd Cir.2003) analyzing two prior Supreme Court decisions of Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275 (1998) and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998) to conclude that an employee establishing a claim of constructive discharge, or tangible employment action forecloses an employer from asserting or relying on an affirmative defense.

In point of fact, DDE has not shown facts to establish any affirmative defense, as indicated by DDE HR department and personnel to respond to

complaints of Wellman. Therefore, no such defense can be mounted at this stage of the proceedings, and Wellman's factual claims can be shown to be provable. The only remaining issue is whether, by the preponderance of the evidence, whether it be a mixed-motive employment discrimination action or a supervisor-actionable claim, Wellman will prevail before the jury. As shown by the Appendix material attached hereto, Wellman has medical witnesses plus her treating psychiatrists to indicate the actions of Paul Graves and the inaction and sanctioning of his actions by DDE Human Resources personnel, primarily Karen Cronin and Ms. Katherine LaPenta. See also Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148 (2003) wherein the amending provisions of the 1991 Civil Rights Act removed the need for direct evidence even in a "mixed-motive" case. The provision at 42 U.S.C.A. Section 2000e-2(m) allows circumstantial evidence to prove the illegal employment action. Where, as here, sex was a motivating factor in the termination of employment, even though there may have been other factors, DDE, having sanctioned Supervisor Paul Graves' activities by inaction of its HR persons has opted for strict liability as employer.

    2. In this case, Wellman was not terminated from employment due to her resignation, but instead due to her disability caused by none other than a breakdown after continual pressure and sexual harassment of Paul Graves, her supervisor. As per the Suders case, at 447-449, Wellman has suffered a constructive discharge by undergoing sexual harassment or discrimination so intolerable that a reasonable person in the same position would have felt compelled to resign, or be forced to leave employment altogether, and that the action or failure to bear up under the on-going discrimination was reasonable. Her tolerance of a hostile work environment was stretched to the limit and she suffered an emotional and nervous reaction. As a

result of the supervisory position of Paul Graves in creating this situation, DDE has no affirmative defense. A constructive discharge is a "tangible employment action," in which an employer DDE is precluded asserting any affirmative defense.

    3. Again reference is made to the legal standards of <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3rdCir.1990), <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 22, 114 S.Ct. 367 (1993), <u>Levendos v. Stern Entertainment</u>, 860 F.2d 1227 (3rd Cir. 1988). See also <u>Meritor Savings Bank, FSB v. Vinson</u>, 472 U.S. 57, as to hostile work environment creating psychological issues.

**II. Plaintiff Wellman can show under any reasonable interpretation of the events of her leaving employment that she suffered a constructive discharge due to her disability and her sexual harassment by her supervisor.**

    Based on the provable and established facts and relevant deposition testimony and documents which authenticity is uncontested, as compiled in the attached Appendix material, including statements of family, treating physicians Dr.s Glacken and Whitehill, Wellman has shown, and could show at trial, no other result that the continual and effective harassment of her on the job has resulted in her loss of job, satisfaction of working, and economic loss due to DDE's failure to prevent Graves' continual disparagement of her, her work performance and her female being, both at work and during evaluations via personnel review of her work efforts, such that she was apprehensive and fearful to continue the employment relationship under the supervision of Paul Graves.

## CONCLUSION

For the above reasons and case authority, Plaintiff Wellman requests that her disability qualification and job loss be attributed to DDE via its supervisory employee Paul Graves, and the Court grant the Summary Judgment Motion of Plaintiff Wellman based on her recognizable constructive discharge, with all the attendant circumstances, and her right to damages as permitted by Title VII, and for such other and further relief as the Court deems proper and necessary in the premises.

Respectfully submitted,

\s\ JOHN M. STULL,

John M. Stull, Esq. (Del. Bar #568)

715 N. King Street, Ste 100
P. O. Box 1947
Wilmington, DE 19899
Ph. (302) 654-0399
Counsel for Debra-Ann Wellman

Dated: October 12, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA-ANN WELLMAN,<br>      Plaintiff,<br>v.<br><br>DuPONT DOW ELASTOMERS, LLC<br>t/a DUPONT HIGH PERFORMANCE<br>ELASTOMERS, LLC and<br>E. I. DUPONT De NEMOURS & CO., INC.,<br>      Defendants. | ) <br> ) <br> ) Civil Action No. 05-278-SLR <br> ) Civil Action No. 05-279-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

    I, John M. Stull, counsel for Plaintiff Debra-Ann Wellman, hereby certifies that on this 12th day of October, 20007, I did by electronic means and Hand Delivery place the within documents consisting of an Appendix in Support of the Opening/Answer Brief and the within Opening/Answer Brief in support of the Motion for Summary Judgment in behalf of the plaintiff Debra-Ann Wellman at the offices of the following counsel of record at the designated offices and addressed to the following:

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    Barry M. Willoughby, Esquire (No. 1016)
    Teresa A. Cheek, Esquire (No. 2657)
    The Brandywine Building
    1000 West Street, 17th Floor
    P.O. Box 391
    Wilmington, DE 19899-0391
    Telephone: (302) 571-6666; (302) 571-6676
    Facsimile: (302) 571-3345; (302) 576-3286
    Email: bwilloughby@ycst.com; tchee@ycst.com
    Attorneys for Defendant DuPont Dow Elastomers, LLC

    POTTER ANDERSON & CORROON LLP
    Sarah E. DiLuzio, Esquire
    1313 Market Street, Sixth Floor
    Wilmington, DE 19801
    Email: sdiluzio@potteranderson.com
    Attorney for Defendant DuPont Company

    /s/ JOHN M. STULL, ESQ. DE # 568
    715 N. King Street
    Wilmington, DE 19801

Dated: October 12, 2007